**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JOE D. MAGEE, ET AL.                                CIVIL ACTION NO. 15-2097

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

PHIL MCMILLIAN, ET AL.                              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Magistrate Appeal from a Memorandum Order issued by Magistrate Judge Mark Hornsby on January 4, 2017. See Record Documents 57 & 60.[1] The appeal challenges Magistrate Judge Hornsby's decision denying Plaintiffs' Motions to Compel Discovery and granting Defendant BHP Billiton Petroleum Properties (NA), LP's ("BHP") Motion for Protective Order. See Record Document 60.

Decisions by a magistrate judge as to discovery issues are non-dispositive matters. Such actions are not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's order is not a recommendation to the district court, which normally requires de novo review under Rule 72. Rather, it is an order from the magistrate judge on non-dispositive discovery matters that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

This case involves a lease dispute regarding the payment of royalties. Magistrate Judge Hornsby's Memorandum Order of January 4, 2017 related to Plaintiffs' six sets of written discovery, which eventually resulted in three discovery motions being filed:

---

[1] The Plaintiffs in this matter are Joe D. Magee, Joann Fulmer Magee, and the Pesnell Law Firm.

Plaintiffs' Motion to Compel; BHP's Motion for Protective Order; and Plaintiffs' Supplemental Motion to Compel Discovery. The discovery related to royalty payments made to the Talleys, the legal suspense account, BHP's legal team, and royalty distribution statements. Ultimately, Magistrate Judge Hornsby denied Plaintiffs' motions and granted BHP's request for a protective order. More specifically, he ruled:

### Discovery Regarding the Talleys

Plaintiffs argue that the documentation relied upon by Defendant in paying royalties to the Talleys is relevant to whether Defendant acted in good faith with regard to Plaintiffs. . . .

The information sought by Plaintiffs is irrelevant. The Talleys are not [a] party to this lawsuit, and Defendant's dealings with the Talleys are not at issue. Furthermore, requesting "all communications" between the Talleys and Defendant regarding royalty payments far exceeds the scope of allowable discovery in this matter.

### Discovery Regarding the Legal Suspense Account

Plaintiffs also seek discovery regarding Defendant's placement of the disputed royalty payments into a special suspense account. Apparently, Plaintiffs contend that if Defendant had access to the disputed funds, Defendant owes interest from an earlier date.

Defendant represents to the court that the legal suspense account is simply a balance sheet account. Defendant further represents that it did not have use of the disputed funds. . . .

Whether Plaintiffs are ultimately entitled to interest and, if so, when interest started to accrue, is ultimately a question to be decided based on the lease agreement. For the purpose of discovery, Defendant has adequately explained the basic use and operation of the legal suspense account. Plaintiffs' repeated and duplicative requests for "all documents" concerning the suspense account are overly broad.

### Discovery Related to Defendant's Legal Team

Plaintiffs seek discovery regarding the members of Defendant's legal team who performed services regarding ownership status or in determining who should be paid royalties. In response, Defendant identified the

members of the legal team but objected to providing any additional information based on the attorney-client privilege. Defendant is correct. Communications among the members of the legal team and Defendant's representatives are clearly privileged. Moreover, asking each member of the legal team to detail what they did for more than a month during their review is unduly burdensome.

**Discovery Regarding Royalty Distribution Statements**

Plaintiffs seek information regarding all persons who were involved or had input into the preparation of certain royalty distribution statements. Plaintiffs also ask Defendant to identify the persons who authorized the payment of royalties to Plaintiffs. In response, Defendant identified Beau Roy, Christopher Griffin, and Micah Strother. This response is sufficient. It is irrelevant that other individuals may have signed royalty checks sent to Plaintiffs.

Record Document 57 at 2-4.

This Court has reviewed the discovery requests at issue, the Memorandum Order of Magistrate Judge Hornsby, and the briefs of all parties (Record Documents 60-62) and finds that the Memorandum Order entered on January 4, 2017 was neither clearly erroneous nor contrary to law. Plaintiffs' general objection that Magistrate Judge Hornsby was biased is unfounded and wholly unsupported by the record. As to the Talleys, this Court notes that Plaintiffs are not privy to any leases BHP had with the Talleys. BHP's payment of royalties to the Talleys is irrelevant as to the contractual obligations between Plaintiffs and BHP. Moreover, this Court is unconvinced that "the potential defense of waiver," as argued by Plaintiffs in their appeal, heightens the relevancy of the propounded discovery relating to the Talleys.

Magistrate Judge Hornsby's ruling as to discovery relating to the legal suspense account is not clearly erroneous or contrary to law. Plaintiffs admitted in motion practice and in the instant appeal that the placement of royalties into a balance sheet account is

the industry practice. See Record Document 41-11 at 10; Record Document 60 at 9-10 n. 6. Moreover, this Court agrees that BHP, for purposes of discovery, has adequately explained the basic use and operation of the legal suspense account at issue. Plaintiffs' repeated requests for "all documents" concerning this account are overly broad and disproportionate. The terms of the lease agreement will ultimately determine whether Plaintiffs are entitled to interest and, if so, the accrual date of such interest.

The Court is unpersuaded by Plaintiffs' arguments regarding the relevancy of their discovery request relating to BHP's legal team. Plaintiffs' discovery request not only seeks privileged information, but is overly broad. The undersigned holds that BHP's privilege log (Record Document 41-10) establishes that the communications at issue fall within the scope of Louisiana Code of Evidence 506,[2] as the emails withheld on the basis of attorney-client privilege were communications between either a BHP employee/representative and BHP's attorney, or between BHP employees and/or representatives. The emails were either made for the purpose of facilitating the rendition of professional legal services or reflected the perceptions or observations of BHP employees regarding such communications. This Court believes the descriptions set forth in the privilege logs provided are specific enough to put Plaintiffs on notice as to the existence of the privilege without disclosing the privileged information itself. Magistrate Judge Hornsby's conclusion that such communications were privileged and that Plaintiffs' requests were unduly burdensome was not clearly erroneous or contrary to law.

---

[2]Federal Rule of Evidence 501 provides, in pertinent part that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

**Discovery Regarding Royalty Distribution Statements**

Finally, this Court holds that Magistrate Judge Hornsby's ruling as to the royalty distribution statements was neither clearly erroneous nor contrary to law. Plaintiffs sought information regarding all persons who were involved or had input into the preparation of certain royalty distribution statements and the identify of persons who authorized the payment of royalties to Plaintiffs. BHP identified the persons with that specific knowledge. The undersigned agrees that BHP's response was sufficient.

Based on the foregoing analysis, the Court sees no reason to vacate or modify the Memorandum Order entered by Magistrate Judge Hornsby, as such order is not clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Mark Hornsby's Memorandum Order of January 4, 2017 (Record Document 57) be and are hereby **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of May, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE