UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOE D. MAGEE, ET AL. | CIVIL ACTION NO. 15-2097 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BHP BILLITON PETROLEUM PROPERTIES (N.A.), L.P. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs Joe D. Magee, Joann Fulmer Magee (jointly, the "Magees") and The Pesnell Law Firm's (collectively the "Plaintiffs") "Motion for New Trial and/or Reconsideration" (Record Document 90), which seeks reconsideration of this Court's November 13, 2017 Order (Record Document 87) denying the Magees' Motion for Partial Summary Judgment (Record Document 27); granting BHP's Cross Motion for Partial Summary Judgment (Record Document 31); and denying as moot The Pesnell Law Firm's Motion for Summary Judgment (Record Document 27). BHP has filed Opposition (Record Document 94), to which Plaintiffs have filed a Reply (Record Document 97). For the following reasons, the Motion to Reconsider (Record Document 90) is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. See Shield Pack, LLC v. CDF Corp., 2010 WL 4719431, *1 (W.D. La. 2010). Nevertheless, motions requesting reconsideration of court orders have been construed as falling under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Collins v. Brice Building Co., LLC, 2013 WL 121655, *2 (E.D. La. 2013) (and cases cited therein). Rules 59 and 60 apply only to final judgments. See id. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the

1

parties, then Rule 54(b) controls. See id. Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. See id., citing Fed.R.Civ.P. 54(b). Because the Court's November 13, 2017 Order is not a final judgment, Rule 54(b) governs. Rule 54(b) motions are construed under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. See id. (and cases cited therein); Hearne v. Kansas City Southern R. Co., 2015 WL 5708291, *2 (W.D. La. 2015); see also Leong v. Cellco P'ship, 2013 WL 4009320, *3 (W.D. La. 2013).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004), quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). To prevail on a Rule 59(e) motion, the moving party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). When a party contends there has been a clear error of law or manifest injustice, "courts caution 'that any litigant considering bringing a motion on that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Arena v. Graybar Electric Company, Inc., 2010 WL 3944942, *1 (W.D. La. 2010), reversed on other grounds, 669 F.3d 214 (5th Cir. 2012), quoting Atkins v. Marathon LeTourneau, Co., 130 F.R.D. 625, 627 (S.D. Miss. 1990) and Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977). "A party seeking reconsideration must show more than disagreement with the court's decision....." Sundaram v. Flagstar Bank FSB, 2012 WL 5336209, *2 (S.D. Tex. 2012), citing Texaco Exploration & Prod., Inc. v. Smackco, Ltd., 1999 WL 539548, *1 (E.D. La. 1999). "Whatever may be the purpose of

Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id., quoting Atkins, 130 F.R.D. at 626. Moreover, "Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings." Cormier v. Turnkey Cleaning Servs., L.L.C., 2017 WL 5181692, *1 (W.D. La. 2017) (emphasis added), citing Templet, 367 F.3d at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010); Shield Pack, 2010 WL 4719431 at *1.

In considering a Rule 59(e) motion, Courts must attempt to strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render a just decision. See Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). In general, reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479, citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). Accordingly, the standards which apply to Rule 59(e) Motions favor denial of such a Motion. See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993).

In their Motion to Reconsider, Plaintiffs either reassert their same arguments contained in their opposition to BHP's Motion for Partial Summary Judgment (see Record Document 36-1) or assert new arguments that could have been raised earlier in the proceedings. More specifically, Plaintiffs' arguments regarding the application of the Mineral Code and good faith were explicitly addressed in prior briefing and in this Court's ruling. See Record Document 86 at 9-16.

3

Plaintiffs fail to satisfy this stringent standard and have not shown a basis for extraordinary relief. Accordingly, Plaintiffs' Motion to Reconsider (Record Document 90) is **DENIED**. This Court's November 13, 2017 Order will remain in effect without reversal, modification, or clarification.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of January, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT