# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JOE D. MAGEE, ET AL. | CIVIL ACTION NO. 15-02097 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BHP BILLITON PETROLEUM PROPERTIES (N A) L P | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 131) filed by defendant BHP Billiton Petroleum Properties (N.A.), L.P. ("Defendant"). Plaintiffs Joe D. Magee and Joanne Fulmer Magee (collectively "Plaintiffs") oppose the motion. See Record Document 135. Defendant filed a Reply Memorandum (Record Document 140) in response to Plaintiffs' opposition. For the reasons set forth below, Defendant's Motion for Summary Judgment (Record Document 131) is hereby **GRANTED**.

## DISCUSSION

Plaintiffs executed four separate mineral leases in favor of Petrohawk.[1] Record Document 1-3 at 2. Paragraph 11 of each of the leases provides as follows:

> In case of suit, adverse claim, dispute or question as to the ownership of the royalties (or some part thereof) payable under this lease, Lessee shall not be held in default in payment of such royalties (or the part thereof in dispute) until such suit, claim, dispute or question has been finally disposed of and Lessee shall have thirty (30) days after being furnished with a certified copy of the instrument or instruments disposing of such suit, claim or dispute, or after being furnished with proof sufficient, in Lessee's opinion, to settle such question within which to make payment.

Record Document 27-6 at 7, 14, 21, 27.

---

[1] Petrohawk Properties, LP was Defendant's predecessor.

When Defendant removed this action on July 24, 2015, Plaintiffs' complaint included the following claims for relief related to the leases: (1) a claim for unpaid royalties under Paragraph 11 of the leases; (2) a claim for double damages, interest, and attorney's fees under La. R.S. 31:139 ("Article 139") for Defendant's "willful or fraudulent" failure to pay the royalties; (3) a claim for unpaid bonuses under the leases; and (4) a claim for legal interest on the unpaid bonuses. See Record Documents 1-3. On August 20, 2015, Defendant paid Plaintiffs $467,785.55 for royalties owed under the leases. Plaintiffs never sought leave to file a supplemental pleading to allege that Defendant's performance of its obligation to pay royalties under the lease was inadequate.

On November 13, 2017, the Court granted partial summary judgment in favor of Defendant. See Record Documents 86 & 87. The Court dismissed Plaintiffs' claims for unpaid bonuses and interest. It also dismissed Plaintiffs' claim under Article 139. See Record Document 86. The Court's order (Record Document 87) left only one issue for resolution in the case: "the correct amount of royalties owed the Magees under the leases." Record Document 86 at 17. However, after further review, the Court now finds that the case should have been dismissed in its entirety, as there were no remaining claims in the case.

As is noted above, Plaintiffs never requested leave to file a supplemental pleading after the royalty payments were made by Defendant to allege that Defendant's performance was inadequate. Thus, at the time the Court ruled on Defendant's motion for summary judgment, only two claims related to the royalties due under the leases existed: (1) the claim for unpaid royalties and (2) the claim under Article 139. In its

memorandum ruling (Record Document 86), the Court clearly dismissed Plaintiffs' Article 139 claim. It reasoned that because proper notice, as required under Paragraph 11 of the leases, had not been given to Defendant, Defendant was not in default on its obligation to pay the royalties, and therefore could not be liable under Article 139 for its failure to pay the royalties. This logic also requires dismissal of the claim for unpaid royalties, itself. Therefore, every claim outlined in the complaint should have been dismissed, and the case should have been closed.

The Court recognizes that this is contrary to its prior opinions in this case. Specifically, in its Memorandum Ruling (Record Document 86) granting Defendant's motion for partial summary judgment, the Court stated that its ruling "only pertain[ed] to the applicability of Article 139 of the Mineral Code and not the correct amount of royalties owed the Magees under the Leases." Record Document 86 at 17. Additionally, the Court reiterated this conclusion in its recent Memorandum Order (Record Document 142) denying Plaintiffs' Motion to Vacate (Record Document 136). However, both of these orders were interlocutory orders, subject to revision by the Court under Rule 54(b) of the Federal Rules of Civil Procedure.

The Court also notes that Plaintiffs have had multiple opportunities to request leave to file a supplemental complaint. Rule 15(d) of the Federal Rules of Civil Procedure provides, in part, that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiffs did, in fact, supplement their pleadings after the royalty payment at issue was made, but did not include any allegations about the payment, including whether the

payment failed to satisfy Defendant's obligations under the leases. Additionally, in the current Motion for Summary Judgment, Defendant raises the argument that, "Plaintiffs have not pleaded a claim for inaccurate payment of royalty." Record Document 131-1 at 5. Plaintiffs were given an opportunity to respond to this argument in their opposition to Defendant's motion for summary judgment. See Record Document 135. Despite this opportunity, Plaintiffs still have not requested leave to file a supplemental pleading, or otherwise amend their current pleadings, to assert such a claim.

For these reasons, there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment (Record Document 131) shall be granted.

## DECREE

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Record Document 131) is hereby **GRANTED**. A judgment consistent with the terms of the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT