**UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| JOE D. MAGEE, ET AL. | CIVIL ACTION NO. 15-2097 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BPX PROPERTIES (N.A.), L.P. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two Motions filed by Plaintiffs Joann Fulmer Magee, Joe D. Magee, and the Pesnell Law Firm (collectively "Plaintiffs") against Defendant BPX Properties (N.A.), LP ("BPX").[1] The first motion is a Motion for New Trial and/or Reconsideration (Record Document 145) of this Court's March 29, 2019 Judgment ("Judgment") dismissing all remaining claims against BPX. See Record Document 144. The second motion is a Motion to Amend/Correct (Record Document 146) the Complaint to add claims of miscalculation of Plaintiffs' royalty payments. BPX filed oppositions to both motions. Record Documents 150 & 151. Plaintiffs filed replies to BPX's opposition. See Record Documents 152 & 153. For the reasons stated in the instant Memorandum Ruling, Plaintiffs' Motion for New Trial and/or Reconsideration and Motion to Amend/Correct are hereby **DENIED**.

---

[1] BPX changed its name from "BHP Billiton Petroleum Properties (N.A.), LP" to "BPX Properties (NA) LP" on August 1, 2019. For purposes of this motion, BPX will be referred to as its current name – BPX Properties (NA) LP. See Record Document 154.

**I.    Magees' Motion for New Trial and/or Reconsideration[2]**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. See Cormier v. Turnkey Cleaning Servs., LLC, 295 F. Supp. 3d 717, 719 (W.D. La. 2017). Nevertheless, motions to reconsider court orders have been construed as falling under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Collins v. Brice Bldg. Co., LLC, No. 12-2319, 2013 WL 121655, at *1 (E.D. La. Jan. 9, 2013) (collecting cases). Rules 59 and 60 apply only to final judgments. See id. If a motion for reconsideration is filed within 28 days of the judgment of which the party complains, it is a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. See Healthsmart Benefit Sols., Inc. v. Principia Underwriting, No. 14-00766, 2015 WL 12591812, at *1 (W.D. La. Mar. 19, 2015). Because Plaintiffs' motion was filed within 28 days of Judgment, the Court must consider it a motion to alter or amend the judgment under Rule 59(e).

In general, the grounds for granting a Rule 59(e) motion are as follows: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). These motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Furthermore, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." In re Self,

---

[2] Because this case was disposed by the Court on summary judgment and not at trial, the Court will only analyze this motion as a Motion for Reconsideration.

172 F. Supp. 2d at 816 (internal citations omitted). Therefore, reconsideration of a judgment is "an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479.

Plaintiffs contend the Judgment should be reconsidered for several reasons. First, Plaintiffs assert the Judgment was "improper, invalid, and ineffective as a matter of law" because the Court did not give Plaintiffs proper notice of its decision to reconsider its earlier ruling of summary judgment. Record Document 145-1 at 5–6. Additionally, Plaintiffs seek reconsideration on the grounds that arguments made in their opposition to summary judgment should have been treated as leave to amend. See id. at 6. Furthermore, Plaintiffs contend the evidence presented during this litigation clearly demonstrates that BPX did not pay Plaintiffs the correct amount of royalties. See id. at 8–9. However, BPX contends Plaintiffs had notice that they failed to allege a claim for improper payment of royalties as it was BPX's "primary argument" in their Motion for Summary Judgment. Record Document 150 at 2. Further, BPX asserts Plaintiffs had ample opportunity to amend their pleadings during the litigation. See id. at 3. Finally, BPX contends claims made by Plaintiffs in their opposition to summary judgment can not be interpreted as a motion to supplement their petition. See id. at 4.

The Court agrees with BPX and finds that Plaintiffs fail to satisfy Rule 59(e)'s stringent standard. First, despite Plaintiffs' labeling, the Judgment was not issued *sua sponte*. See Record Document 145-1. Rather, the Judgment was issued after reviewing BPX's Motion for Summary Judgment filed August 20, 2018, Plaintiffs' Opposition to Summary Judgment, and BPX's Reply. See Record Documents 131, 135, & 140. In BPX's Motion for Summary Judgment, its first argument for dismissal was that "Plaintiffs

have not pleaded a claim for inaccurate payment of royalty, and any purported claim for an accounting should be dismissed." Record Document 131-1 at 5. Therefore, Plaintiffs' assertion that they were not given proper notice is without merit. Furthermore, to the extent that Plaintiffs assert the Judgment was a modification of an earlier order issued by this Court, that argument must also fail. Courts are permitted to amend interlocutory orders at any time. See Fed. R. Civ. P. 54(b); see also Holoway v. Triola, 172 F.3d 866 (5th Cir. 1999) ("It is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion.")

Second, Plaintiffs' arguments made in their Opposition to Summary Judgment do not constitute leave to amend. Plaintiffs rely on an unpublished Fifth Circuit case which held that arguments raised for the first time in opposition to summary judgment should be construed as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). See Riley v. School Bd. Union Parish, 379 F. App'x 335, 341 (5th Cir. 2010). Riley, however, is distinguishable from the current matter. The plaintiff in Riley was a *pro se* litigant and had not yet made any amendments to her complaint. See id. The Riley court found this significant, and this Court does too. See id.

In this matter, Plaintiffs are both represented by senior, highly experienced counsel and have amended their complaint. See Record Document 16. Further, as this Court noted in its Judgment, the supplemental pleading was made "after the royalty payment at issue was made but did not include any allegations about the payment…" Record Document 143 at 3. This demonstrates Plaintiffs clearly had the opportunity to add the claim disputing the correct royalty payment calculation but chose not to. Additionally, Plaintiffs were put on notice of the need to amend their complaint after reading and

responding to BPX's Motion for Summary Judgment. See Record Document 131-1 at 5. However, Plaintiffs failed to address this argument in their opposition and now seek leave to amend to raise this issue. Plaintiffs' representation by qualified counsel, their previous amendments to the complaint, and the substantial notice and time to amend, all point to the obvious and inescapable conclusion that Riley is inapplicable.

Finally, Plaintiffs' argument that it is "obvious from the course and scope of Plaintiffs' discovery that Plaintiffs had claimed, and were claiming, that [BPX] had not properly paid the royalties due them…" is insufficient to grant reconsideration. Record Document 145-1 at 9. At best, this is merely an attempt to "rehash evidence," and does not serve to introduce any new evidence that would warrant reconsideration. Furthermore, Plaintiffs' argument is simply an effort to circumvent their failure to amend their complaint. Plaintiffs have failed to demonstrate any of the grounds required to grant reconsideration under Rule 59(e); therefore, this Court **DENIES** Plaintiffs' Motion for Reconsideration.

### II. Magees' Motion for Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or with leave of court. However, when the court-ordered deadline to amend the pleadings has passed, an amended pleading will be allowed "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(2); see also S&W Enters., LLC v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a

responding to BPX's Motion for Summary Judgment. See Record Document 131-1 at 5. However, Plaintiffs failed to address this argument in their opposition and now seek leave to amend to raise this issue. Plaintiffs' representation by qualified counsel, their previous amendments to the complaint, and the substantial notice and time to amend, all point to the obvious and inescapable conclusion that Riley is inapplicable.

Finally, Plaintiffs' argument that it is "obvious from the course and scope of Plaintiffs' discovery that Plaintiffs had claimed, and were claiming, that [BPX] had not properly paid the royalties due them…" is insufficient to grant reconsideration. Record Document 145-1 at 9. At best, this is merely an attempt to "rehash evidence," and does not serve to introduce any new evidence that would warrant reconsideration. Furthermore, Plaintiffs' argument is simply an effort to circumvent their failure to amend their complaint. Plaintiffs have failed to demonstrate any of the grounds required to grant reconsideration under Rule 59(e); therefore, this Court **DENIES** Plaintiffs' Motion for Reconsideration.

### II. Magees' Motion for Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or with leave of court. However, when the court-ordered deadline to amend the pleadings has passed, an amended pleading will be allowed "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(2); see also S&W Enters., LLC v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a

scheduling order deadline has expired.").[3] To determine whether the movant has demonstrated good cause, the Court considers " '(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enters., LLC, 315 F.3d at 536 (citing Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)).

Here, Plaintiffs seek to file a second amended complaint with allegations that BPX failed to pay the correct amount of royalties due under their lease. See Record Document 146-1 at 2–3. Defendant contends, however, that Plaintiffs cannot demonstrate good cause. See Record Document 151 at 4–6. Specifically, BPX argues that Plaintiffs do not explain their failure to seek leave to amend, and the potential prejudice to BPX for granting leave to amend is too great. See id.

The Court agrees with BPX as Plaintiffs have failed to demonstrate good cause to re-open and allow leave to amend. First, Plaintiffs fail to provide a satisfactory explanation as to why they did not seek leave to amend until after the case was dismissed. In their Motion for a New Trial and/or Reconsideration, Plaintiffs attempt to argue that they were unaware they needed to amend their complaint until this Court's Judgment dismissing all claims. See Record Document 145-1 at 9. This is untrue. As demonstrated above, Plaintiffs were put on notice of their need to amend their complaint after reading and replying to Defendant's Motion for Summary Judgment. See Record Document 131. Additionally, and despite Plaintiffs assertion, BPX has demonstrated significant prejudice

---

[3] Here, the Scheduling Order was upset pending the resolution of the Motion for Summary Judgment. See Record Document 133. However, because the Judgment dismissed all claims, the date for which Plaintiffs could amend their pleadings has obviously expired. See Record Document 144.

it would face if this matter was re-opened. See Record Documents 151 at 6 & 153 at 2. This litigation has been ongoing since June 2015, and to allow Plaintiffs to amend their complaint – despite ample time to do so before the case was dismissed – would certainly prejudice BPX. See Record Document 151 at 6. Finally, while Plaintiffs attempt to demonstrate the importance of these amendments, the Court finds the undue prejudice and burden in allowing Plaintiffs to amend their complaint far outweighs any importance in amending the complaint. See Record Document 153 at 2. Therefore, because Plaintiffs failed to demonstrate good cause necessary for leave to amend after Judgment was granted, Plaintiffs' Motion for Leave to File an Amended Complaint is **DENIED.**

## CONCLUSION

Based on the foregoing reasons, Plaintiffs' Motion for New Trial and/or Reconsideration (Record Document 145) and Plaintiffs' Motion for Leave to File an Amended Complaint (Record Document 146) are hereby **DENIED.**

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 12th day of November, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT